IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 7-ELEVEN, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO.  3:08-CV-140-B |
| VS. | § | |
| | § | |
| | § | |
| PUERTO RICO-7, INC., THE MATTERA | § | |
| RESERVE, INC., and JOHN MATTERA, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM IN SUPPORT
## OF MOTION TO DISMISS THE COUNTERCLAIM

The counterclaim purports to allege two counts of fraud, one for common law fraud and one for statutory fraud pursuant to Texas Business and Commerce Code § 27.01.  The 17-paragraph counterclaim, however, fails to plead any of the elements of fraud with anything approaching the level of particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.  The counterclaim fails to identify any of the "who, what, when, where and how" required by Rule 9(b).  Accordingly, the counterclaim must be dismissed.

## STATEMENT OF THE CASE

The plaintiff/counterclaim defendant 7-Eleven, Inc. ("SEI") is the franchisor of the 7-ELEVEN chain of convenience stores.  The defendant Puerto Rico-7, Inc. ("PRSI") was the 7-ELEVEN area franchisee in Puerto Rico.  The defendant The Mattera Reserve, Inc. ("TMRI") is the majority shareholder of PRSI.  The defendant John Mattera is the majority shareholder of TMRI.

This action arose out of the termination of the area license agreement between SEI and PRSI.  SEI terminated the agreement, in accordance with its terms, for PRSI's failure to cure its defaults under the area license agreement within the contractual cure period.  PRSI's defaults included failure to pay required fees, failure to develop the required number of stores, and failure to operate its stores in accordance with the standards of the 7-ELEVEN system.

PRSI and TMRI have now asserted a counterclaim against SEI in connection with SEI's sale of stock in PRSI to TMRI.  The counterclaim purports to allege statutory fraud under Texas Business and Commerce Code § 27.01 and common law fraud.

Count I, the claim for statutory fraud, alleges:

6.      TMRI purchased 100% of the stock in PRSI.  At the time of the transaction SEI, the 60% shareholder, made material, false representations, including but not limited to an over statement (sic) of PRSI's assets and an under statement (sic) of PRSI's liabilities.

7.      Furthermore, SEI as the majority shareholder caused PRSI to make material false representations to TMRI.

In count II, the claim for common law fraud, TMRI and PRSI allege that "SEI concealed from and failed to disclose material facts to TMRI, including but not limited to accurate financial information regarding PRSI."  (Counterclaim ¶ 12).

The counterclaim provides no further detail of the alleged fraud.  The counterclaims fail to allege the specific facts that were misrepresented or omitted, what facts later came to light that demonstrated the falsity of the misrepresented or omitted facts, what person made the misrepresentations,  whether the misrepresentations were written or oral, or  when the misrepresentations were made.

Similarly, the remaining elements of fraud that are pleaded are also stated in conclusory fashion.  There are no particulars pleaded with respect to SEI's intent, to TMRI's reliance or damages, or to the materiality of whatever the alleged misrepresentations or omissions were.  Accordingly, the counterclaim must be dismissed.

## ARGUMENT

### THE COUNTERCLAIM MUST BE DISMISSED FOR FAILURE TO PLEAD FRAUD WITH PARTICULARITY

The counterclaim does not meet pleading requirements of Rule 9(b).  Rule 9(b) states:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.

Rule 9(b) applies to statutory fraud cases, including those arising under Texas Business and Commerce Code § 27.01.  Newby v. Enron Corp., 388 F. Supp. 2d 780, 781 (S.D. Tex. 2005).  This Court has indicated that it "applies Rule 9(b) 'with force, without apology.'" Brothers v. Print, Inc., 2007 U.S. Dist. LEXIS 83422 at 13 (N.D. Tex. Nov. 8, 2007), quoting Williams v. WMX Tech., Inc., 112 F.3d 175, 178 (5th Cir. 1997).

The Fifth Circuit has recognized that while what constitutes the requisite particularity will vary from case to case, at a minimum Rule 9(b) requires the plaintiff to allege with specificity the "time, place, and contents of the false representations, as well as the identity of the person making the representation and what [that person] obtained thereby." Williams, 112 F.3d at 177, quoting Tuchman v. OSC Communics. Corp., 14 F.3d 1061, 1068 (5th Cir. 1994).  As the Fifth Circuit further explained in Williams, (112 F.3d at 178):

> [A]rticulating the elements of fraud with particularity
> requires a plaintiff to specify the statements contended to
> be fraudulent, identify the speaker, state when and where
> the statements were made, and explain why the statements
> were made.

The Williams court referred to the Rule 9(b) standard as the "who, what, when, where, and how" requirement.  112 F.3d at 179.

     The counterclaim in this case does not approach this standard.  There is no allegation of what the specific misrepresentations or omissions were, who made them, when they were made, or how they were fraudulent.  The pleading of the counterclaim does not satisfy the requirements of Rule 9(b).  The counterclaim must therefore be dismissed.

## <u>CONCLUSION</u>

     For the reasons set forth herein, the motion to dismiss the counterclaim should be granted.

                              Respectfully submitted,


                              /s/ James C. Rubinger
                              James C. Rubinger
                              (Admitted pro hac vice)
                              PLAVE KOCH PLC
                              12355 Sunrise Valley Drive
                              Suite 230
                              Reston, VA 20191
                              Telephone:  (703) 774-1208
                              Fax:  (703) 774-1201
                              Email:  jrubinger@plavekoch.com

                                   -and-

Kyle W. Johnson
DAVID, GOODMAN & MADOLE,
  A Professional Corporation
Two Lincoln Centre
5420 LBJ Freeway
Suite 1200
Dallas, TX   75240
Telephone:  (972) 991-0889
Fax:  (972) 404-0516
Email:  kjohnson@dgmlegal.com

Attorneys for Plaintiff/Counterclaim
Defendant 7-Eleven, Inc.

May 8, 2008