IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 7-ELEVEN, INC. | § | |
| | § | |
| V. | § | C.A. NO. 3:08-cv-00140 |
| | § | |
| PUERTO RICO-7, INC., ET AL | § | |

**COUNTER-PLAINTIFFS PUERTO RICO-7, INC. AND
THE MATTERA RESERVE, INC.'S FIRST AMENDED COUNTERCLAIM**

COME NOW Puerto Rico-7, Inc., and The Mattera Reserve, Inc., (collectively "Counter-Plaintiffs") and files this, their First Amended Counterclaim against 7-Eleven, Inc., respectfully showing:

**I.   THE PARTIES**

1.   Counter-Plaintiff, The Mattera Reserve, Inc., (hereinafter "TMRI") is a Florida corporation with its principal place of business in Boca Raton, Florida.

2.   Counter-Plaintiff, Puerto Rico-7, Inc (hereinafter "PRSI") is a Puerto Rico corporation with its principal place of business in San Juan, Puerto Rico.  Counter-Defendant 7-Eleven, Inc. was formerly a majority shareholder in PRSI.  Counter-Defendant 7-Eleven, Inc. sold its stock in PRSI to Counter-Plaintiff, TMRI.

3.   Counter-Defendant, 7-Eleven, Inc., (hereinafter "SEI") is a Texas corporation with its principal place of business in Dallas, Texas.

**II.   FIRST CAUSE OF ACTION**
**(Statutory Fraud: Fraud in the Sale of Stock)**

4.   TMRI and PRSI bring this action for statutory fraud under Texas Business and Commerce Code Section 27.01 against SEI, the former majority shareholder of PRSI.

5. SEI originally owned a 60% interest in the stock of PRSI. The remaining 40% of PRSI stock was owned by a group of citizens of Puerto Rico.

6. TMRI purchased 100% of the stock in PRSI. At the time of the transaction SEI, the 60% shareholder, made material, false representations, including but not limited to the following:

A On information and belief, the leases for the 7-11 stores were underpaid by SEI. This underpayment was not documented in the books and records of PRSI. After the purchase of the PRSI stock by TMRI, the landlords presented the new owners of PRSI with approximately $200,000 in lease "escalations" incurred by the malfeasance and mismanagement of PRSI by SEI.

B. On information and belief, some of the leases had undocumented obligations attached to the leases that TMRI was never told about during the due diligence period. In one such obligation, PRSI was paying the lease and the electricity for a massage parlor located next to a 7-11 store. When this obligation was discovered, the landlord for the affected 7-11 store stated that this was his "arrangement" with the prior administration of PRSI. This "arrangement" is undocumented and was never disclosed to TMRI during the due diligence period.

C. On information and belief, SEI caused PRSI to show debt obligations as paid on their books by writing checks for which there were no funds to cover. The checks were referred to as "checks in transit" because the checks were held and not cashed. Thus the debt was erased from the books but never paid.

D. On information and belief, the 2005 financials provided to TMRI as part of the due diligence drastically overstated the assets of PRSI.

    E.    On information and belief, the Accruals/Prepaid sections of the 2004 and 2005 audited financial statements are incorrect. These obligations were covered by outstanding checks or "checks in transit" for which there were no funds in the bank to cover the checks.

    F.    On information and belief, the bank account funds on the audited financial statements are misstated. TMRI has requested PRSI's bank account records and will give more specific information regarding this allegation as soon as the records are available.

    G.    SEI represented by virtue of a Cash Call Agreement dated January 20, 2006 that a cash call was made on Puerto Rico - 7 Acquisition, L.L.C. (the company holding the PRSI stock in 2006) in the amount of $430,000 in order to meet the obligations PRSI accounts that were 30 days or more past due as of January 17, 2006. On information and belief, the actual amount of the cash call was in excess of $800,000.

7.    In the alternative, SEI as the majority shareholder caused PRSI to make the foregoing material, false representations to TMRI.

8.    SEI knew that both its representations and the representations made by PRSI around and during the time of the sale were false.

9.    SEI failed to disclose both its false representations and PRSI's false representations and benefitted from its silence through the sale of virtually worthless stock in a company that was on the verge of bankruptcy.

10.    The false representations, as stated above, were made to induce TMRI into completing the transaction.

11. TMRI relied on the statements made by PRSI, under the influence and control of SEI, and completed the stock purchase based on the financial information given to it during the due diligence period.

12. TMRI has subsequently been injured by the purchase of a failing business that was represented as financially stable.

13. Upon discovering the true condition of the company, TMRI spent hundreds of thousands of dollars in an attempt to salvage a business they would have never purchased had the true financial condition been revealed during the due diligence period.

### III. SECOND CAUSE OF ACTION
### (Common Law Fraud)

14. In the alternative SEI, or PRSI under the control of SEI, concealed from and failed to disclose material facts to TMRI, including but not limited to accurate financial information regarding PRSI.

15. SEI, or PRSI while under the control of SEI, concealed the following facts:

A. On information and belief, the leases for the 7-11 stores were underpaid by SEI. This underpayment was not documented in the books and records of PRSI. After the purchase of the PRSI stock by TMRI, the landlords presented the new owners of PRSI with approximately $200,000 in lease "escalations" incurred by the malfeasance and mismanagement of PRSI by SEI.

B. On information and belief, some of the leases had undocumented obligations attached to the leases that TMRI was never told about during the due diligence period. In one such obligation, PRSI was paying the lease and the electricity for a massage parlor located next to a 7-11 store. When this obligation was discovered, the landlord for

        the affected 7-11 store stated that this was his "arrangement" with the prior administration of PRSI. This "arrangement" is undocumented and was never disclosed to TMRI during the due diligence period.

C.      On information and belief, SEI caused PRSI to show debt obligations as paid on their books by writing checks for which there were no funds to cover. The checks were referred to as "checks in transit" because the checks were held and not cashed. Thus the debt was erased from the books but never paid.

D.      On information and belief, the 2005 financials provided to TMRI as part of the due diligence drastically overstated the assets of PRSI.

E.      On information and belief, the Accruals/Prepaid sections of the 2004 and 2005 audited financial statements are incorrect. These obligations were covered by outstanding checks or "checks in transit" for which there were no funds in the bank to cover the checks.

F.      On information and belief, the bank account funds on the audited financial statements are misstated. TMRI has requested PRSI's bank account records and will give more specific information regarding this allegation as soon as the records are available.

G.      SEI represented by virtue of a Cash Call Agreement dated January 20, 2006 that a cash call was made on Puerto Rico - 7 Acquisition, L.L.C. (the company holding the PRSI stock in 2006) in the amount of $430,000 in order to meet the obligations PRSI accounts that were 30 days or more past due as of January 17, 2006. On information and belief, the actual amount of the cash call was in excess of $800,000.

16.      SEI had a duty to disclose these facts to TMRI.

17. SEI knew that TMRI did not have an accurate accounting of the financial condition of PRSI, and SEI knew that TMRI did not have an equal opportunity to discover the facts.

18. SEI was deliberately silent with respect to the financial condition of PRSI in order to induce TMRI into purchasing the PRSI stock and the accompanying Area License Agreement.

19. TMRI relied on SEI to provide the necessary financial information during the due diligence period in order to make an informed decision as to the purchase of PRSI.

20. SEI's intentional failure to disclose material facts related to the true financial condition of PRSI has caused economic injury to TMRI in an amount still to be determined.

## IV.    EXEMPLARY DAMAGES

21. TMRI seeks exemplary damages for the conduct of SEI in making false representations with actual awareness of the falsity under Tex. Bus. & Com. Code § 24.01 (c). TMRI additionally seeks exemplary damages from SEI for failing to disclose the falsity of PRSI statements when it knew of the falsity of the statement and benefitted from the false representation under Tex. Bus. & Com. Code § 24.01 (d).  TMRI further seeks exemplary damages under Tex. Civ. Prac. & Rem. Code §41.003(a)(1) for common law fraud.

## JURY DEMAND

Counter-Plaintiffs demand a trial by jury herein.

WHEREFORE, Counter-Plaintiffs Puerto Rico-7, Inc., and The Mattera Reserve, Inc., request entry of judgment in their favor awarding the following relief:

1. Damages for statutory fraud under Texas Business and Commerce Code Section 27.01;

2. Damages for common law fraud;

3. Attorney's fees as well as reasonable and necessary expert witness fees, deposition copy costs and other court costs under Tex. Bus. & Com. Code §27.01(e);

4. Exemplary damages under Tex. Bus. & Com. Code § 24.01 (c), Tex. Bus. & Com. Code § 24.01 (d), and Tex. Civ. Prac. & Rem. Code §41.003(a)(1); and

5. For such other and further relief as the Court deems appropriate, or which they may show themselves justly entitled to receive, at law or in equity.

Respectfully submitted,

/s/ James M. Lober
_____
James M. Lober
Texas Bar No. 12455400
401 Louisiana Street, 8th Floor
Houston, TX 77002
Telephone:   713-653-5600
Facsimile:   713-653-5656
Email:       jlober@spaglaw.com

**OF COUNSEL:**

SPAGNOLETTI & CO.

ROBERT G. HOGUE, P.C.
Robert G. Hogue
Texas Bar No. 09811050
Highland Park Place
4514 Cole Avenue, Suite 600
Dallas, TX 75205-4193
Telephone:   214 559 7107
Facsimile:   214 559 7101
Email:       robhogue@msn.com

*Attorneys for Counter-Plaintiffs*
*Puerto Rico-7, Inc. and The Mattera Reserve, Inc.*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that service of the foregoing was on this date automatically accomplished on all known Filing Users through the Notice of Electronic Filing.  Service on any party or counsel who is not a Filing User was accomplished via Email, Facsimile, Certified Mail/RRR or U.S. First Class Mail, in accordance with the Federal Rules of Civil Procedure on this 18th day of June, 2008.

             */s/ James M. Lober*

             _____
             James M. Lober