IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

7-ELEVEN, INC.,                               §
                                             §
                    Plaintiff,               §
                                             §        CASE NO.  3:08-CV-140-B
VS.                                          §
                                             §
                                             §
PUERTO RICO-7, INC., THE MATTERA             §
RESERVE, INC., and JOHN MATTERA,             §
                                             §
                    Defendants.              §

## MEMORANDUM IN SUPPORT
## OF MOTION TO DISMISS THE AMENDED COUNTERCLAIM

In response to the plaintiff's motion to dismiss their counterclaim, the defendants

filed an amended counterclaim, presumably to cure the defects identified in the motion to

dismiss.  But the amended counterclaim, like the initial counterclaim, fails to plead fraud

with the requisite particularity.  The amended counterclaim continues to fail to identify

the "who, what, when, where and how" required by Rule 9(b).  It purports to specify the

alleged fraudulent statements, but does so entirely "on information and belief" without

pleading any basis for the claimed "information and belief."   The defendants' inability to

allege any basis for their claims of fraud after two tries demonstrates that they have no

claim.  The amended counterclaim therefore must be dismissed.

## STATEMENT OF THE CASE

The plaintiff/counterclaim defendant 7-Eleven, Inc. ("SEI") is the franchisor of

the 7-ELEVEN chain of convenience stores.  The defendant Puerto Rico-7, Inc. ("PRSI")

was the 7-ELEVEN area franchisee in Puerto Rico.  The defendant The Mattera Reserve,

1

Inc. ("TMRI") is the majority shareholder of PRSI.  The defendant John Mattera is the majority shareholder of TMRI.

This action arose out of the termination of the area license agreement between SEI and PRSI.  SEI terminated the agreement, in accordance with its terms, for PRSI's failure to cure its defaults under the area license agreement within the contractual cure period.  PRSI's defaults included failure to pay required fees, failure to develop the required number of stores, and failure to operate its stores in accordance with the standards of the 7-ELEVEN system.

On April 6, 2008, PRSI and TMRI asserted a counterclaim against SEI in connection with SEI's sale of stock in PRSI to TMRI.  The counterclaim purports to allege statutory fraud under Texas Business and Commerce Code § 27.01 and common law fraud.  On May 8, 2008, SEI filed a motion to dismiss the counterclaim for failure to plead fraud with the requisite particularity.  In response to that motion, PRSI and TMRI filed a motion for leave to assert an amended counterclaim on June 18, 2008.  By Order dated June 30, 2008, the Court ordered the amended counterclaim filed.

Count I of the amended counterclaim purports to allege statutory fraud.  The initial counterclaim alleged:

> 6.     TMRI purchased 100% of the stock in PRSI.  At the time of the transaction SEI the, 60% shareholder, made material, false representations, including but not limited to an over statement (sic) of PRSI's assets and an under statement (sic) of PRSI's liabilities.

The amended counterclaim adds seven subparagraphs to paragraph 6 listing alleged misrepresentations.  Each of the subparagraphs pleads these alleged misrepresentations "on information and belief."  None of them identifies who made the statements, to whom they were made, when they were made, or where they were made.  Furthermore, the

amended counterclaim contains no allegations of the bases for the claimed "information and belief."

In count II, the claim for common law fraud, TMRI and PRSI allege that "SEI concealed from and failed to disclose material facts to TMRI, including but not limited to accurate financial information regarding PRSI." (Counterclaim ¶ 14). Count II then repeats the same seven subparagraphs contained in Count I that allege fraudulent statements "on information and belief."

The amended counterclaim provides no further detail of the alleged fraud. The amended counterclaim now alleges facts that were misrepresented or omitted, but does so entirely "on information and belief." It fails to allege what facts later came to light that demonstrated the falsity of the misrepresented or omitted facts, the person who made the misrepresentations, the person to whom the misrepresentations were made, whether the misrepresentations were written or oral, and when the misrepresentations were made.

Similarly, the remaining elements of fraud that are pleaded are also stated in conclusory fashion. There are no particulars pleaded with respect to SEI's intent, to TMRI's reliance or damages, or to the materiality of whatever the alleged misrepresentations or omissions were. Accordingly, the amended counterclaim must be dismissed.

## <u>ARGUMENT</u>

### THE AMENDED COUNTERCLAIM MUST BE DISMISSED FOR <u>FAILURE TO PLEAD FRAUD WITH PARTICULARITY</u>

The amended counterclaim does not meet pleading requirements of Rule

9(b).  Rule 9(b) states:

> In alleging fraud or mistake, a party must state with
> particularity the circumstances constituting fraud or
> mistake.

Rule 9(b) applies to statutory fraud cases, including those arising under Texas Business

and Commerce Code § 27.01.  <u>Newby v. Enron Corp.</u>, 388 F. Supp. 2d 780, 781 (S.D.

Tex. 2005).  This Court has indicated that it "applies Rule 9(b) 'with force, without

apology.'" <u>Brothers v. Print, Inc.</u>, 2007 U.S. Dist. LEXIS 83422 at 13 (N.D. Tex. Nov. 8,

2007), <u>quoting</u> <u>Williams v. WMX Tech., Inc.</u>, 112 F.3d 175, 178 (5th Cir. 1997).

The Fifth Circuit has recognized that while what constitutes the requisite

particularity will vary from case to case, at a minimum Rule 9(b) requires the plaintiff to

allege with specificity the "time, place, and contents of the false representations, as well

as the identity of the person making the representation and what [that person] obtained

thereby." <u>Williams</u>, 112 F.3d at 177, <u>quoting</u> <u>Tuchman v. OSC Communics. Corp.</u>, 14

F.3d 1061, 1068 (5th Cir. 1994).  As the Fifth Circuit further explained in <u>Williams</u>, (112

F.3d at 178):

> [A]rticulating the elements of fraud with particularity
> requires a plaintiff to specify the statements contended
> to be fraudulent, identify the speaker, state when and where
> the statements were made, and explain why the statements
> were made.

The <u>Williams</u> court referred to the Rule 9(b) standard as the "who, what, when, where, and how" requirement.  112 F.3d at 179.

Like the initial counterclaim, the amended counterclaim in this case does not approach this standard.  There is no allegation as to who made the misrepresentations or omissions, when they were made, or how they were fraudulent.

PRSI and TMRI's attempt to cure the deficiency in the initial counterclaim by alleging the substance of the alleged misrepresentations "on information and belief" does not satisfy the requirements of Rule 9(b).  First, they have not attempted to cure the deficiencies other than the substance of the misrepresentations, as set forth above.

Second, the pleading of the facts underlying the alleged fraud "on information and belief" is insufficient.  The Fifth Circuit has held that allegations of fraud may be made on information and belief when "the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge." <u>United States ex. Rel. Willard v. Humana Health Plan of Texas, Inc.</u>, 336 F. 3d 375 385 (5th Cir. 2003).  PRSI and TMRI do not allege this, and could not in view of the fact that they now own the company about which facts were allegedly concealed and have not alleged that they do not have complete access to its records.

Indeed, PRSI and TMRI do not allege any facts that they learned after consummation of the transaction about which they were misled beforehand, except for some broad allegations "on information and belief."  For example, paragraph 6.D. alleges:

> On information and belief, the 2005 financials to TMRI as
> part of the due diligence drastically overstated the assets of
> PRSI.

One would expect that if this allegation had any basis, TMRI and PRSI would have knowledge of, and be able to allege, what value was stated for the assets in the 2005 "financials," in what respect that value was overstated, how TMRI learned that value was allegedly overstated, and on what basis TMRI placed a lower value on those assets. Instead, there is nothing more than this conclusory allegation, made on "information and belief."  The same infirmity applies to each of the allegations of fraudulent statements, all of which are made "on information and belief."

Moreover, the Fifth Circuit has held that "even where allegations are based on information and belief, the complaint must set forth a factual basis for such belief."  Id. The amended counterclaim alleges no facts on which any of the alleged beliefs are based. The pleading of the amended counterclaim does not satisfy the requirements of Rule 9(b).

Given a second chance to state their claims of fraud with particularity, PRSI and TMRI have failed to do so.  They have simply added additional conclusory allegations, all made "on information and belief," to their initial inadequate pleading.  Their failure to plead more than these scant allegations of facts of which they should have detailed knowledge strongly suggests that there is no basis for their allegations of fraud. Accordingly, the amended counterclaim must therefore be dismissed.

## CONCLUSION

For the reasons set forth herein, the motion to dismiss the amended counterclaim should be granted.

Respectfully submitted,


_____/s/_____
James C. Rubinger
(Admitted pro hac vice)
PLAVE KOCH PLC
12355 Sunrise Valley Drive
Suite 230
Reston, VA 20191
Telephone:  (703) 774-1208
Fax:  (703) 774-1201
Email:  jrubinger@plavekoch.com

-and-

Kyle W. Johnson
DAVID, GOODMAN & MADOLE,
   A Professional Corporation
Two Lincoln Centre
5420 LBJ Freeway
Suite 1200
Dallas, TX   75240
Telephone:  (972) 991-0889
Fax:  (972) 404-0516
Email:  kjohnson@dgmlegal.com

Attorneys for Plaintiff/Counterclaim
Defendant 7-Eleven, Inc.

July 21, 2008