UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| 7-ELEVEN INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-00140-B |
| | § | |
| PUERTO RICO-7 INC., THE MATTERA | § | |
| RESERVE, INC., and JOHN MATTERA, | § | |
| | § | |
| Defendants/Counter-Plaintiffs. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff 7-Eleven, Inc.'s Motion to Dismiss the Amended Counterclaim (doc. 36). The Court GRANTS 7-Eleven Inc.'s motion and DISMISSES Defendants' counterclaims.

## I. PROCEDURAL BACKGROUND

On January 29, 2008, Plaintiff 7-Eleven, Inc. ("SEI") filed this trademark infringement and unfair competition lawsuit against Defendants Puerto Rico-7, Inc. ("PRSI"), The Mattera Reserve, Inc. ("TMRI") and John Mattera. SEI was the majority shareholder of PRSI before SEI sold its stock to TMRI. All defendants answered the lawsuit and defendants PRSI and TMRI, collectively referred to herein as the "Defendants," filed a counterclaim alleging fraud in the sale of stock under the Texas Business and Commerce Code section 27.01 and common law fraud. SEI filed a motion to dismiss the counterclaim, alleging the counterclaim did not meet Rule 9(b)'s heightened pleading requirements for fraud claims. Defendants filed an unopposed motion for leave to file their first amended counterclaim asking the Court to allow Defendants to "amend their Counterclaim to plead additional details to cure any alleged defects in their pleadings by identifying specific fraudulent acts

- 1 -

and circumstances involving the stock purchase." The Court granted Defendants leave to amend.

Defendants filed their Amended Counterclaim on June 30, 2008. On July 21, 2008, SEI filed this Motion to Dismiss the Amended Counterclaim. In its Motion to Dismiss, SEI contends that, despite having had the opportunity to amend the counterclaims to cure the defects, Defendants have failed to plead fraud with sufficient particularity in their Amended Counterclaim. Therefore, SEI argues, Defendants have failed to state a claim and the counterclaim should be dismissed.

## II. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**A.      Applicable Law**

Rule 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court liberally construes the claims in the claimant's favor, and all pleaded facts are taken as true. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). However, the Court "will not strain to find inferences favorable" to the claimant. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted)). Once a claimant adequately states a claim, he or she may support this claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). The claimant's "obligation to provide the grounds of entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id.* at 1964–65 (internal quotations marks and brackets omitted).

Certain types of claims must meet a heightened pleading standard to avoid dismissal under Rule 12(b)(6). FED. R. CIV. P. 9. Rule 9(b) elevates the federal rules' liberal pleading standards to require plaintiffs to plead the circumstances constituting fraud claims with particularity. FED. R. CIV.

P. 9(b). The Fifth Circuit requires plaintiffs alleging fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Dorsey*, 540 F.3d at 339. In other words, Rule 9(b) requires the Plaintiff to allege with specificity the "time, place, and contents of the false representations, as well as the identity of the person making the representation and what the person obtained thereby." *Williams*, 112 F.3d at 177, (quoting *Tuchman v. OSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)). The Fifth Circuit refers to this Rule 9(b) standard as the "who, what, when, where, and how" requirement, and this requirement must be met "before access to the discovery process is granted." *Id.* at 178–79.

Rule 9(b) applies to statutory fraud cases, including those arising under Texas Business and Commerce Code section 27.01, and claims of common-law fraud. *Dorsey*, 540 F.3d at 338–39; *Newby v. Enron Corp.*, 388 F.Supp.2d 780, 781 (S.D. Tex. 2005); *see also Williams v. WMX Tech., Inc.* 112 F.3d 175, 177 (5th Cir. 1997) ("We see no principled reason why the state claims of fraud should escape the pleading requirements of the federal rules"). Accordingly, this Court applies Rule 9(b) "with force, without apology." *Williams,* 112 F.3d at 178; *Brothers v. Print, Inc.*, 2007 WL 3331974, at*5 (N.D. Tex. Nov. 8, 2007) (Boyle, J.).

Rule 9(b) must be applied in conjunction with the overall pleading requirements of Rule 8, which requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Landry v Air Line Pilots Ass'n Int'l AFL-CIO*, 892 F.2d 1238, 1264 (5th Cir. 1990). It must also be viewed in light of Rule 8's goal of "simple, concise, and direct" pleadings. *Id.* at 178. If Rule 9(b) is not met, the defendant does not have adequate notice of the nature and grounds of the claim. *Tuchman*, 14 F.3d at 1067. A claimant cannot meet the "who" requirement by attributing

fraudulent activity to a group collectively. *Southland Sec. Corp.*, 365 F.3d at 363–66. Rather, the fraud claim must "identify specific statements" made by the party who allegedly made the representations. *Williams*, 112 F.3d at 179. "To avoid a dismissal for failure to state a claim, 'a plaintiff must plead specific facts not mere conclusory allegations.'" *Dorsey*, 540 F.3d at 338 (quoting *Tuchman*, 14 F.3d at 1067).

The Court, however, is also mindful of the difficulties in alleging conditions of the mind and notes that Rule 9(b) does relax the particularity requirement for scienter. FED. R. CIV. P. 9(b) ("Malice, intent, knowledge and other condition of mind of a person may be averred generally."); *Dorsey*, 540 F.3d at 339. However, simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b). *Id.* The claimant must still allege specific facts that support an inference of fraud. *Tuchman*, 14 F.3d at 1068 (5th Cir. 1994) (citing cases). The claimant may sufficiently allege intent by pointing out circumstances or facts that reasonably indicate intent or motive to commit fraud. *Id.* When a corporation is alleged to have made false representations, the court must look to the "state of mind of the individual corporate official or officials who make or issue the statement[.]" *Southland Sec. Corp.*, 365 F.3d at 366. It follows that "[a] corporation can be held to have a particular state of mind only when that state of mind is possessed by a single individual." *Id.* at 367 (quoting *First Equity Corp. v. Standard & Poor's Corp.*, 690 F.Supp. 256, 260 (S.D.N.Y. 1988), *aff'd*, 869 F.2d 175 (2d Cir. 1989)).

The pleading requirements of Rule 9(b) may be relaxed to some extent where the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge. *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002). While fraud may be pleaded on information and belief under such circumstances, the Fifth Circuit has warned that this exception "must not be mistaken

for license to base claims of fraud on speculation and conclusory allegations." *U.S. ex rel Willard v. Humana Health Plan of Texas*, 336 F.3d 375, 385 (5th Cir. 2003)(citing *ABC Arbitrage*, 291 F.3d at 350 n67). Furthermore, "even where allegations are based on information and belief, the complaint must set forth a factual basis for such belief." *Id.* The claimant should allege in the pleadings that he did not have access to the facts relating to the fraud in order to relax the requirements of Rule 9(b) and allow pleading "on information and belief" to meet the particularity standard. *U.S. ex. rel Doe v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003).

To state a claim for common-law fraud based on nondisclosure, Texas law requires the claimant to allege that the party concealed or failed to disclose a material fact that they knew the claimant was ignorant of or did not have the opportunity to discover, that they intended to induce the claimant to take some action by concealing or failing to disclose the material fact, and that the claimant suffered as a result of acting on the nondisclosure. *Dorsey*, 540 F.3d at 341 (citing *Bradford v. Vento,* 48 S.W.3d 749, 754–55 (Tex.2001)). However, "for there to be actionable nondisclosure fraud, there must be a duty to disclose." *Id.* (quoting *Newby v. Enron Corp.*, 388 F.Supp.2d 780, 788 (S.D. Tex.2005) (citing Texas case law)). "A duty to disclose may arise where one makes a representation and fails to disclose new information that makes the earlier representation misleading or untrue...." *Id.* (internal quotation omitted).

The elements of a cause of action for statutory fraud in the sale of stock consists of a:

1. False representation of a past or existing material fact, when the false representation is

    (A) made to a person for the purpose of inducing that person to enter into a contract; and

    (B) relied on by that person in entering that contract; or

2. False promise to do an act, when the false promise is

   (A) material;

   (B) made with the intention of not fulfilling it;

   (C) made to a person for the purpose of inducing that person to enter into a contract; and

   (D) relied on by that person in entering into that contract.

TEX. BUS. & COM. CODE § 27.01(a). A person who makes a false representation or false promise with actual awareness of the falsity thereof commits the fraud described in section 27.01(a) and is liable to the person defrauded for exemplary damages. *Id.* at § 27.01(c). "Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness." *Id.* To establish statutory fraud, the claimant does not have to prove the person's knowledge or recklessness as to the falsity of the representation. *Trinity Indus. v. Ashland, Inc.*, 53 S.W.3d 853, 867 (Tex. App.–Austin 2001, pet. denied).

**B. Application of Law to Facts**

SEI argues Defendants have failed to plead fraud with the requisite particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. In their Amended Counterclaim, Defendants allege that SEI, or PRSI under the control of SEI, committed statutory fraud in violation of the Texas Business and Commerce Code section 27.01 by its material, false representations as to seven factual allegations. Defendants also allege that SEI, or PRSI under the control of SEI, committed common law fraud by its concealment of the same seven factual allegations. Thus, as to the "false representation" element of both causes of action, Defendants make the same allegations.

Defendants allege the following:

1. On information and belief, the leases for the 7-11 stores were underpaid by SEI. This underpayment was not documented in the books and records of PRSI. After the purchase of the PRSI stock by TMRI, the landlords presented the new owners of PRSI with approximately $200,000 in lease "escalations" incurred by the malfeasance and mismanagement of PRSI by SEI.

2. On information and belief, some of the leases had undocumented obligations attached to the leases that TMRI was never told about during the due diligence period. In one such obligation, PRSI was paying the lease and the electricity for a massage parlor located next to a 7-11 store. When this obligation was discovered, the landlord for the affected 7-11 store stated that this was his "arrangement" with the prior administration of PRSI. This "arrangement" is undocumented and was never disclosed to TMRI during the due diligence period.

3. On information and belief, SEI caused PRSI to show debt obligations as paid on their books by writing checks for which there were no funds to cover. The checks were referred to as "checks in transit" because the checks were held and not cashed. Thus the debt was erased from the books but never paid.

4. On information and belief, the 2005 financials provided to TMRI as part of the due diligence drastically overstated the assets of PRSI.

5. On information and belief, the Accruals/Prepaid sections of the 2004 and 2005 audited financial statements are incorrect. These obligations were covered by outstanding checks or "checks in transit" for which there were no funds in the bank to cover the checks.

6. On information and belief, the bank account funds on the audited financial statements are misstated. TMRI has requested PRSI's bank account records and will give more specific information regarding this allegation as soon as the records are available.

7. SEI represented by virtue of a Cash Call Agreement dated January 20, 2006 that a cash call was made on Puerto Rico - 7 Acquisition, L.L.C. (the company holding the PRSI stock in 2006) in the amount of $430,000 in order to meet the obligations PRSI accounts that were 30 days or more past due as of January 17, 2006. On information and belief, the actual amount of the cash call was in excess of $800,000.

SEI argues Defendants have failed to plead the alleged misrepresentations with the particularity required to meet the "who, what, when, where, and how" requirement. Notably, in the Amended Counterclaim, Defendants do not indicate "who" made the alleged statements or representations. In their Response, Defendants argue that the allegations as to "who" are clear because they identify SEI as "the person committing the fraud." Therefore, Defendants argue, the "actor" is clearly identified as required by Rule 9(b). However, SEI is a corporation and Defendants have not identified any individual who acted as an agent of the corporation in making the representations to Defendants. *See Southland Sec. Corp.*, 365 F.3d at 366; *see also Segal Co. v. Amazon.com*, 280 F.Supp.2d 1229, 1231 (W.D. Wa. 2003). This vague allegation that SEI is the "actor," without identifying the corporate representatives who allegedly made the statements, does not meet the "who" requirement of Rule 9(b). *See Williams*, 112 F.3d at 179; *Segal Co.*, 280 F.Supp.2d at 1231.

The "when" requirement has also not been met. Most of Defendants' allegations do not indicate when the alleged misrepresentations were made, and some of them simply allege "during the due diligence period." To simply allege the misrepresentations were made during the due diligence period is not specific enough to meet the requirements of Rule 9(b) because the due diligence period of the stock sale could have been weeks or months. *See Segal Co.*, 280 F.Supp.2d at 1231. To allege that the misrepresentations occurred over this broadly stated time period does not adequately indicate "when" the alleged fraud took place and does not put SEI on adequate notice of the claim. *See Williams*, 112 F.3d at 177; *Tuchman*, 14 F.3d at 1067–68.

In addition, Defendants' allegations regarding certain debt obligations, assets, check transactions, and "bank account funds" being misrepresented do not meet the "how" or "what"

requirements. Defendants allege "some of the leased had undocumented obligations" without indicating what leases. Defendants provide one example of an undocumented obligation, without indicating what store they are referring to, and do not indicate how other lease obligations were allegedly misrepresented. Defendants allege "debt obligations," as well as the value of "assets," were misrepresented without indicating what obligations or assets, or how these were misrepresented. Defendants' allegation that "bank account funds on the audited financial statements are misstated" is one example of their failure to plead the fraud allegations with specificity. The Court finds that all seven of Defendants' allegations of misrepresentations are fraught with similar failures to meet the Rule 9(b) requirements to plead "who, what, when, where, and why." *See Dorsey*, 540 F.3d at 339; *Southland Sec. Corp.*, 365 F.3d at 362, 370; *Williams*, 112 F.3d at 178–79.

SEI further argues that Defendants' pleadings in regard to SEI's intent or knowledge do not meet the Rule 9(b) requirements because they are stated in a conclusory fashion. The Court agrees that the allegations regarding SEI's intent and knowledge are conclusory. *See Dorsey*, 540 F.3d at 338. The Defendants merely make conclusory statements regarding scienter, such as "SEI knew that both its representations and the representations made by PRSI around and during the time of the sale were false" and "SEI was deliberately silent with respect to the financial condition of PRSI[.]" While the Court acknowledges that the Rule 9(b) pleading requirements are relaxed for scienter, the claimant must still allege specific facts showing an inference of fraud. *See Tuchman*, 14 F.3d, at 1068. Here, Defendants have done nothing but make conclusory statements regarding SEI's knowledge and intent. No factual allegations have been made relating to the basis for their belief or to show an inference of fraud. *See Southland Sec. Corp.*, 365 F.3d at 370 (holding plaintiffs' allegation that corporation committed fraud in accurately reporting company financials failed to

"plead facts with the requisite specificity to generate a strong inference of scienter."). Therefore, the Court finds that the Defendants Amended Counterclaim fails to plead scienter with particularity. *See id.*

SEI further argues that Defendants have not established the facts required to be entitled to the "on information and belief" exception to the heightened pleading requirements. *See U.S. ex rel Willard*, 336 F.3d at 385. Specifically, SEI argues Defendants have not pleaded that the information needed to plead with more particularity is "peculiarly within the perpetrator's knowledge." *ABC Arbitrage*, 291 F.3d at 350. On the other hand, Defendants argue that their pleading "on information and belief" meets the requirements of Rule 9(b). The Court agrees that Defendants have not pleaded facts showing reasons that would allow these allegations to be made on information and belief and have not alleged that they do not have access to the facts relating to the fraud. *See U.S. ex. rel Doe*, 343 F.3d at 330; *ABC Arbitrage*, 291 F.3d at 350. Rather, it appears that much of the information is in Defendants' knowledge.

Furthermore, even if the information was solely in SEI's knowledge, Defendants are required to establish a factual basis for their information and belief. *See U.S. ex rel Willard*, 336 F.3d at 385. However, Defendants have not done this. They have merely stated "on information and belief" with no further factual basis to indicate the origin of the information or belief. For example, for allegation number two, the pleading does not indicate what factual basis Defendants have to support a belief that there was an undisclosed "arrangement" with a massage parlor next to one of the 7-11 stores or where this information originated. In addition, in regard to allegation four, Defendants show no basis for believing the asset values were "drastically overstated."

In their response to the motion to dismiss, Defendants cite *Seghers v. Brizi*, 513 F.Supp.2d

694, 705 (N.D. Tex. 2007), which they represent stands for the proposition that fraud pleadings can be made on information and belief even when there is no allegation that the facts were in the perpetrator's knowledge. However, the case does not stand for this proposition and, moreover, it supports SEI's argument that the counterclaim does not meet the requirements for utilizing the "on information and belief" exception because Defendants fail to set forth facts upon which the information and belief was formed. *See Seghers*, 513 F.Supp.2d at 705.

Defendants have not alleged that the information is exclusively under SEI's knowledge and, absent such a showing, this Court will not further relax the requirements of Rule 9(b) by allowing the allegations to be made on information and belief. *See U.S. ex. rel Doe*, 343 F.3d at 330. Neither have Defendants provided a factual basis for their information and belief. *See U.S. ex rel Willard*, 336 F.3d at 385. The Court is mindful that the "on information and belief" pleading "must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *See id.* (quoting *ABC Arbitrage*, 291 F.3d at 350). The Court finds that Defendants have failed to make a showing to allow them to plead fraud "on information and belief." *See U.S. ex. rel Doe*, 343 F.3d at 330. Furthermore, the Court finds that Defendants' fraud claims do not meet the heightened pleading requirements of Rule 9(b). *See* FED. R. CIV. P. 9(b). Therefore, based on the analysis above, Defendants' counterclaims must be dismissed for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6).

### III. LEAVE TO AMEND

The plaintiff's failure to meet specific pleading requirements for fraud should not automatically result in dismissal with prejudice without granting leave to amend, unless the defect is incurable or plaintiff failed to plead with particularity after repeated opportunities. *Hart v. Bayer*

*Corp.*,199 F.3d 239 n6 (5th Cir. 2000). The liberal amendment policy of Rule 15(a) should be kept in mind when dismissing a claim for failure to plead with particularity in accordance with Rule 9. *Id.* Although leave to amend is liberally allowed, such leave to amend is not automatic, but is within the sound discretion of the district court. *U.S. ex rel. Doe*, 343 F.3d at 329. The Fifth Circuit has noted that "in order to take advantage of the liberal amendment rules, ... the party requesting amendment, even absent a formal motion, need only set forth with particularity the grounds for the amendment and the relief sought." *Id.* at 330–31 (internal quotation omitted).

Faced with an earlier motion to dismiss on the same grounds as this motion to dismiss, PRSI was granted leave to amend its counterclaim to cure the defects. Pursuant to the liberal amendment policy underlying Rule 15(a), the Court may generally allow a claimant to amend its claim after dismissal for failure to plead with particularity. *See Brothers*, 2007 WL 3331974, at *4–*5 (granting plaintiff's motion for leave to file a third amended complaint after dismissing fraud claim for failure to plead with particularity). Here, Defendants have already amended their counterclaim once. However, unlike the claimant in *Brothers*, they have not moved for leave to amend the claims again. *See id.* Defendants have not advised the Court that they have additional information to add if allowed to do so. *See Southland Sec. Corp.*, 365 F.3d at 384. They have not made any motion for or set forth grounds for an amendment. *See U.S. ex rel. Doe*, 343 F.3d at 330–31.

Moreover, the Court is not inclined to *sua sponte* grant leave to amend the fraud claims another time after it has already had two opportunities to plead these claims properly. *See U.S. ex rel. Willard*, 336 F.3d at 387. The earlier motion to dismiss was on the same grounds as this one, but the amendment has failed to remedy the pleading defects. *See id.* In this situation, it is fully within the Court's discretion to choose not to allow an opportunity to amend after dismissing the claims. *See*

*Seghers*, 513 F.Supp.2d at 705 ("Because the plaintiffs did not request the opportunity to re-plead count one in the event of dismissal and because this court has previously granted the plaintiff an opportunity to re-plead, count one is dismissed."); *see also U.S. ex rel. Doe*, 343 F.3d at 329. Therefore, the Court will not allow the litigation of SEI's claims to be further encumbered and delayed by allowing PRSI yet another opportunity to amend its counterclaim, especially when such relief has not been requested by Defendants. *See U.S. ex rel. Doe*, 343 F.3d at 330–31.

## IV. CONCLUSION

Based on the reasons stated above, the Court **GRANTS** Plaintiff 7-Eleven Inc.'s Motion to Dismiss the Amended Counterclaim (doc. 36). The Defendants' statutory fraud and common-law fraud counterclaims are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

**SIGNED November 19, 2008**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE